IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


THE CLEVER FACTORY, INC.           )
                                   )
      v.                           )           NO. 3:11-1187
                                   )
KINGSBRIDGE INTERNATIONAL, INC., et al.   )


## M E M O R A N D U M

Presently pending before the Court is the Plaintiff's cross motion for partial summary judgment (Docket Entry No. 60). Also before the Court is the response of Defendant Kingsbridge International, Inc. (Docket Entry No. 71), and the Plaintiff's reply (Docket Entry No. 77). For the reasons set out below, the Plaintiff's cross motion for summary judgment is DENIED.


## I. BACKGROUND

The Clever Factory, Inc. ("Clever Factory") is a Tennessee corporation having its principal place of business in Nashville, Tennessee. Clever Factory has all ownership interests in and holds copyright registrations for visual artworks that are used in adaptations of eight different game cards known as "Crazy Eights," "Old Maid," "Go Fish," "Matching," "Bible Heroes," "Bible Trivia," "Build-a-Word," and "Puzzle Cards" ("the Works"). It also has all ownership interests in and holds copyright registrations for literary works that comprise original instructions on how to play the adaptions of the game cards for "Old Maid," "Crazy Eights," and "Build-a-Word" ("the Instructions"). Clever Factory uses the Works and Instructions to create original adaptations of flash card games ("Flash Card Games") that it manufactures, promotes, and sells throughout the United

States.  Clever Factory also holds a trademark registration for the phrase "Good Grades," which it uses in connection with its products.

On October 31, 2008, Clever Factory filed an action in the Middle District of Tennessee ("the First Lawsuit") against Rite Aid Corporation ("Rite Aid"), Kingsbridge International, Inc. ("Kingsbridge"), Jiande Bedding Articles Limited ("Jiande"), and twenty "John Doe" defendants alleging claims for copyright infringement in violation of 17 U.S.C. § 501 (the "Copyright Act"), claims for violations of 15 U.S.C. § 1125(a) of the Lanham Act (the "Lanham Act"), and various claims under Tennessee law.  See The Clever Factory, Inc. v. Rite Aid Corporation, et al., 3:08-1056. Clever Factory alleged that Jiande, a Chinese corporation, manufactured flash card games that were substantially similar to or otherwise the same as Clever Factory's Flash Card Games and that copied the copyrighted Works and Instructions, as well as the unique design elements ("Design Elements") and the trade dress associated with Clever Factory's Flash Cards Games.  Clever Factory alleges that approximately 48,000 units of the flash card games manufactured by Jiande ("the Knock-off Flash Card Games") were purchased and distributed by Kingsbridge to Rite Aid for sale to consumers in the United States during 2007 without the authorization of Clever Factory and in a manner that violated Clever Factory's legal rights.  Shortly after the First Lawsuit was filed, Rite Aid and Kingsbridge made an offer of judgment for $36,000.00 that was accepted by Clever Factory, and final judgment was entered against Rite Aid and Kingsbridge by Order entered November 24, 2008. See Docket Entry No. 8 in First Lawsuit.[1]

---

[1] Clever Factory did not pursue its claims against Jiande or the John Doe defendants and, on December 3, 2008, filed a notice of voluntary dismissal as to these defendants.  See Orders entered December 3, 2008 (Docket Entry Nos. 10 and 12) in First Lawsuit.

On December 16, 2011, Clever Factory filed the instant lawsuit against Kingsbridge and twenty "John Doe" defendants alleging that, during 2011, Kingbridge had sold or distributed for sale 260,000 sets of Knock-off Flash Card Games of the "Crazy Eights," "Old Maid," "Go Fish," and "Matching" flash card games causing injury to Clever Factory and in violation of Clever Factory's legal rights. Clever Factory asserts seven counts: 1) copyright infringement in violation of 17 U.S.C. § 501; 2) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); 3) trade dress infringement in violation of common law; 4) unfair competition in violation of common law; 5) unfair competition in violation of Tennessee state law; 6) violation of Tenn. Code. Ann. § 47-25-513, the Tennessee anti-dilution statute; and 7) violation of Tenn. Code Ann. § 47-18-104, the Tennessee Consumer Protection Act ("TCPA"). <u>See</u> Complaint (Docket Entry No. 1). Clever Factory seeks injunctive relief and damages, including treble and punitive damages.

In a first amended complaint filed March 25, 2013 (Docket Entry No. 82), Clever Factory expounded on its allegations and added 13 businesses as defendants to the action based on allegations that Kingsbridge had sold and shipped Knock-off Flash Card Games of the "Crazy Eights," "Old Maid," "Go Fish," and "Matching" Flash Card Games to the 13 businesses, which in turn sold the Knock-off Flash Card Games to consumers in the United States.[2] Judgments have been entered against each of the 13 newly added defendants, except for Rite Aid, after Clever Factory accepted offers of judgment from those defendants. <u>See</u> Docket Entry Nos. 114 and 118.

---

[2] The 13 added defendants are: Rite Aid; The Andersons, Inc; Nash Finch Company; Safeway, Inc., Insular Trading Company, Inc.; Variety Distributors, Inc.; Kmart, Inc.; Ace Hardware Corporation; Duckwall-Alco Stores, Inc.; C&S Wholesale Grocers, Inc.; Sierra Pacific Crafts; Grocers Supply Company, Inc.; and Supervalu Inc.

By Order entered September 24, 2013 (Docket Entry No. 130), the Court granted Defendant Kingsbridge's motion for summary judgment as to Count V of the Amended Complaint and dismissed Count V from the action. The Court denied the motion for summary judgment in all other respects finding that Defendant Kingsbridge failed to show that it was entitled to summary judgment based on its contention the Plaintiff had not acted to protect its legal right and its assertion of the affirmative defenses of equitable estoppel, acquiescence, waiver, and forfeiture. See Memorandum (Docket Entry No. 129). The Court also found no merit in Defendant Kingsbridge's assertion of statute of limitation defenses and the assertion that Counts III, IV, VI, and VII are preempted by the Copyright Act. Id.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the

light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

# III. ANALYSIS

In its cross motion for partial summary judgment, the Plaintiff argues that summary judgment should be granted in its favor as to the issue of liability on the claim of copyright infringement by Defendant Kingsbridge (Count I). The Plaintiff contends that Kingsbridge has admitted to distributing and selling the Knock-off Flash Card Games at issue through March 14, 2012, and, further, the uncontested evidence shows that Kingsbridge had actual and constructive knowledge that it was infringing upon the Plaintiff's protected copyright interest in distributing and selling the Knock-off Flash Card Games. See Docket Entry No. 60, at 1.

Under Section 106 of the Copyright Act, the copyright owner alone has the exclusive right to reproduce the copyrighted work, to prepare derivative works based upon the copyrighted work, and to distribute copies of the work. See 17 U.S.C. §§ 106(1) and (3). Violation of any of these rights constitutes an infringement. 17 U.S.C. § 501(a). See Microsoft Corp. v. Compusource Distribs., Inc., 115 F. Supp. 2d 800, 804-05 (E.D. Mich. 2000).

To succeed in a copyright infringement action, a plaintiff must establish that he has ownership of valid copyrights for the works at issue and that the defendant copied the protected interests in the works at issue. Jones v. Blige, 558 F.3d 485, 490 (6th Cir. 2009); Coles v. Wonder, 283 F.3d 798, 801 (6th Cir. 2002). Where there is no direct evidence of copying, a plaintiff may establish an inference of copying by showing (1) access to the allegedly infringed work by the defendant and (2) a substantial similarity between the two works at issue. Jones, 558 F.3d at 490–91. A lesser showing of access (or even no showing at all) will suffice where the works are "striking[ly]" similar, strongly suggesting that copying occurred. Id. at 491. See also Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp., 361 F.3d 312, 317 (6th Cir. 2004). Similarity is determined

by a comparison of the plaintiff's and the defendants' works. Wickham v. Knoxville Int'l Energy Exposition, Inc., 739 F.2d 1094, 1097 (6th Cir. 1984). A plaintiff bears the burden of proving the substantial similarity between protected material and the allegedly infringing work. See Mihalek Corp. v. Michigan, 814 F.2d 290, 294 (6th Cir. 1987).

With respect to the first element of the Plaintiff's copyright infringement claim, the Plaintiff relies upon the copyright registrations that are attached to the Amended Complaint and are referenced in the Declaration of Tedd Levine. See Amended Complaint (Docket Entry No. 82), at Exhibit A-F and Declaration (Docket Entry No. 61), at ¶ 3. A Certificate of Registration by the Copyright Office is prima facie evidence of ownership of a valid copyright. Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 533-534 (6th Cir. 2004); Blumcraft of Pittsburgh v. Newman Bros., Inc., 373 F.2d 905, 906 (6th Cir. 1967). The burden is on the party challenging the copyright to rebut the presumption. Hi-Tech Video Prods., Inc. v. Capital Cities/ABC Inc., 58 F.3d 1093, 1095 (6th Cir.1995). In its response in opposition, Defendant Kingsbridge fails to specifically contest the issue of the Plaintiff's ownership of valid copyrights. Therefore, the Court finds that the first element of the Plaintiff's copyright claim has been satisfied.

With respect to the second element of its copyright claim, which requires the Plaintiff to show that the Defendant copied the Plaintiff's protected works, the Plaintiff argues:

> Kingsbridge's motion papers serve nothing other than an admission that Kingsbridge sold copies of game cards that included constituent elements of original works protected by valid copyrights owned by Clever Factory.

See Plaintiff's Memorandum of Law (Docket Entry No. 63), at 23. In support of this argument, the Plaintiff points to the Declaration of Robert Sommer, Vice President of Operations of Kingsbridge, which was filed by Kingsbridge in support of its motion for summary judgment. See Docket Entry

No. 56.  In his Declaration, Mr. Sommer attests that "Kingsbridge has sold its Old Maid, Crazy Eights, Matching, and Go Fish cards in the same packaging and with the same instructions since 2007," and "Kingsbridge would have ceased its sales and distributions of Old Maid, Crazy Eights, Matching, and Go Fish card games by no later than November 2008, the date of entry of the Final Judgment in the First Lawsuit, if these card games had been accused of infringement by Clever when Clever asserted its rights against Kingbridge in 2008."  Id. at 2, ¶¶ 7 and 8.

Kingsbridge contends that the Plaintiff has not discussed "operant principles of copyright infringement or perform[ed] an infringement analysis" in support of the motion for partial summary judgment.  See Memorandum in Reply (Docket Entry No. 71), at 2.  Kingsbridge further denies that it has made any admission that the Knock-off Flash Card Games at issue infringe upon the Plaintiff's copyrights and contends that Mr. Sommer's Declaration statements do not admit any infringement. Id. at 2 and 6-7.  Kingsbridge asserts that, while Mr. Sommer's declaration that "Kingsbridge would have ceased its sales and distributions of the Knock-off Flash Card Games . . ." is an accurate statement, it is an unsupported inference to conclude that this statement constitutes an acknowledgment or admission of copyright infringement by Kingsbridge given that other factors, such as potential litigation exposure, might have motivated Kingsbridge to cease sales and distributions.  In sum, Kingsbridge argues that the Plaintiff has not shown that uncontroverted facts support the motion for partial summary judgment.  In reply, the Plaintiff largely points to the allegations made in its original complaint and to the arguments made in its supporting memorandum as a rebuttal to Kingsbridge's contention that the Plaintiff has not properly analyzed its copyright infringement claim.  See Docket Entry No. 77.

After review of the parties' filings, the Court finds that the Plaintiff has not supported its motion for partial summary judgment in a sufficient manner to warrant granting partial summary judgment in its favor on the issue of liability. Although the Court does not agree with Defendant Kingsbridge's statement that the Plaintiff's motion fails to analyze the copyright infringement claim, the Court nonetheless finds that the Plaintiff's motion sets out only a cursory legal analysis of the copyright claim at issue.[3] Further, the Court is not persuaded that the two Declaration statement's made by Mr. Sommer, by themselves, are undisputed and uncontroverted evidence of a tacit admission of either liability by Kingsbridge or of copying as required for the Plaintiff's claim. The Plaintiff fails to support its motion with an evidentiary basis that compels a finding that the copying element of the Plaintiff's claim has been satisfied. That is not to say that an evidentiary basis supporting the Plaintiff's claim does not exist, only that it has not been clearly presented to the Court in the context of the pending motion for partial summary judgment.

## CONCLUSION

For the reasons stated herein, the Cross Motion for Partial Summary Judgment filed by Plaintiff Clever Factory will be DENIED.

An appropriate Order will enter.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] Although the Plaintiff's supporting memorandum is several pages long, the bulk of the memorandum is directed at rebutting the arguments raised by Kingsbridge in its motion for summary judgment and the Plaintiff devotes barely one page to direct analysis of its request for partial summary judgment on the issue of copyright liability. See Docket Entry No. 63, at § IV(A)(2)(iv).