IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THE CLEVER FACTORY, INC. | ) | |
| | ) | |
| v. | ) | NO. 3:11-1187 |
| | ) | |
| KINGSBRIDGE INTERNATIONAL, INC., et al. | ) | |

**O R D E R**

Presently pending before the Court are motions filed by both sides in this action which seek to strike evidence submitted in the action by the respective opposing party either in support of or in opposition to the motion for partial summary judgment filed by Defendants Kingsbridge International, Inc., ("Kingsbridge") and Rite Aid Corporation ("Rite Aid"). Both parties contend that the evidence at issue in their respective motions was not disclosed during discovery and seek various sanctions against the other party.

Defendants Kingsbridge and Rite Aid have filed a motion (Docket Entry No. 161) seeking an order striking the first sentence of paragraph 4 of the declaration (Docket Entry No. 150) of Andy Hyde since the sentence relates to Clever Factory's purported sales of its game cards through 2011 and 2013. The Plaintiff submitted the declaration in opposition to Defendants' Motion for Partial Summary Judgment and in support of Plaintiff's Motion for Reconsideration. The Defendants seek to strike this sentence and exclude this information from use in connection with their motion for partial summary judgment and from use at any hearing or trial. The Plaintiff has filed a response in opposition to the motion to strike. See Docket Entry Nos. 172 and 173.

The motion (Docket Entry No. 161) of Defendants Kingsbridge and Rite Aid is DENIED. After review of the parties' filings, the Court finds that the Defendants have not made a persuasive showing that the information at issue was not previously produced or was not supplemented in violation of Rule 26(e)(2) of the Federal Rules of Civil Procedure and that sanctions under Rule 37 of the Federal Rules of Civil Procedure are warranted. Furthermore, to the extent that the Defendants argue that they are prejudiced by the Plaintiff's use of this evidence to prove a secondary meaning with respect to its trade dress claims, see Docket Entry No. 161, at 3, by contemporaneously entered Memorandum and Order, the Court has granted summary judgment to the Defendants on the Plaintiff's trade dress claims based on a lack of evidence of a secondary meaning. Accordingly, the asserted prejudice is rendered moot.

Plaintiff Clever Factory has filed a motion (Docket Entry No. 165) to strike the documents referenced in and attached as Exhibit A (Docket Entry No. 140-4), Exhibit B (Docket Entry No. 140-5), Exhibit C (Docket Entry No. 140-6), and Exhibit D (Docket Entry No. 14-7) to the Declaration of Robert Sommer (Docket Entry No. 140-3) that was submitted by the Defendants in support of their motion for partial summary judgment. The Plaintiff contends that these documents were not produced in response to its prior discovery requests and that it has been prejudiced by Defendant Kingsbridge's failure to produce them prior to attaching them as exhibits to the Sommer Declaration. Specifically, the Plaintiff contends that, had these documents been timely produced, the Plaintiff would have relied upon them to support its previously denied motion for partial summary judgment on the issue of the Defendants' copyright liability. The Plaintiff seeks an order prohibiting the Defendants from use or reference to these documents, and permitting the Plaintiff to use the documents. The Plaintiff also seeks an award of legal fees and costs related to its motion and

its related motion to reconsider. Defendant Kingsbridge has responded in opposition to the motion to strike, see Docket Entry Nos. 167-169, to which the Plaintiff has filed a reply. See Docket Entry No. 175.

The Plaintiff's motion (Docket Entry No. 165) is DENIED. After review of the parties' filings, the Court finds that the Plaintiff has not made a persuasive showing that sanctions under Rule 37 of the Federal Rules of Civil Procedure are warranted. To the extent that the Plaintiff argues that it has been prejudiced by its inability to use this evidence in its prior motion for partial summary judgment and by the necessity of its filing a motion to reconsider once it obtained this evidence, by contemporaneously entered Memorandum and Order, the Court has denied Clever Factory's motion to reconsider even after giving consideration to the evidence at issue. Accordingly, the asserted prejudice is rendered moot.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge