IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THE CLEVER FACTORY, INC.     )
     )
v.     )     No. 3-11-1187
     )
KINGSBRIDGE INTERNATIONAL,     )
INC.; RITE AID CORPORATION; THE     )
ANDERSONS, INC.; NASH FINCH     )
COMPANY; SAFEWAY INC.;     )
INSULAR TRADING COMPANY, INC;     )
VARIETY DISTRIBUTORS INC.;     )
KMART INC.; ACE HARDWARE     )
CORPORATION; DUCKWALL-ALCO     )
STORES, INC.; C&S WHOLESALE     )
GROCERS INC.; SIERRA PACIFIC     )
CRAFTS; GROCERS SUPPLY     )
COMPANY, INC.; SUPERVALU INC;     )
and DOES 1-20[1]     )

O R D E R

The following matters were addressed, inter alia, at the pretrial conference held on June 9, 2014:

1.     The defendants' motion in limine to exclude evidence of secondary meaning of inherent distinctiveness for plaintiffs' alleged trade dress (Docket Entry No. 183) was DENIED as MOOT because the plaintiff has withdrawn its trade dress claims. See Docket Entry No. 204, at 9.

2.     The plaintiff's motion in limine related to ownership and validity of copyright registrations (Docket Entry No. 185) was DENIED as MOOT. See Docket Entry No. 204, at 2 and 9.

---

[1] By order entered May 28, 2013 (Docket Entry No. 114), judgment was entered against defendants Ace Hardware Corporation, C&S Wholesale Grocers, Inc., Duckwall-Alco Stores, Inc., Grocers Supply Company, Inc., Insular Trading Company, Inc, Nash Finch Company, Safeway Inc., Sierra Pacific Crafts, Supervalu Inc., The Andersons, Inc., and Variety Distributors, Inc. By order entered June 17, 2013 (Docket Entry No. 118), judgment was entered against defendant Kmart, Inc.

3.      The plaintiff's motion in limine related to defendants alleged lack of notice or knowledge (Docket Entry No. 187) is DENIED on two grounds.  First, the evidence that plaintiff seeks to exclude could be relevant to considerations of whether the defendant is a willful or innocent infringer.  Second, although by order entered (Docket Entry No. 130), the Court denied the motion of defendant Kingsbridge for summary judgment (Docket Entry No. 53), in which it contended that the plaintiff is barred from pursuing its claims because of, inter alia, equitable estoppel and although the Court indeed commented that the defendant's position appeared "inconsistent with a reasonable interpretation of what occurred in 2007 and 2008, and unsupported by the evidence," see Docket Entry No. 129, at 10, the Court did not dismiss or strike the defendant's affirmative defenses.  Although the Court may be skeptical about the defendant's ability to put on additional proof, the Court cannot bar the defendant from so doing.  However, the defendant's counsel was advised that, if the defendants do not present any additional proof at trial from that in support of their motion for summary judgment, the Court would entertain a motion by the plaintiff for judgment as a matter of law in accord with Rule 50 of the Federal Rules of Civil Procedure.

Defendants' counsel represented that he would not include any issue of equitable estoppel in his opening statement.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge