IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


THE CLEVER FACTORY, INC.          )
                                             )
     v.                           )      NO. 3:11-1187
                                             )
KINGSBRIDGE INTERNATIONAL, INC., et al.   )


**O R D E R**

Plaintiff Clever Factory, Inc. ("Clever Factory") has filed a Motion in Limine (Docket Entry No. 208) seeking a ruling of law on the number of statutory awards that are potentially recoverable in this action under 17 U.S.C. § 504(c)(1). Defendants Kingsbridge International, Inc. ("Kingsbridge") and Rite Aid Corporation ("Rite Aid") oppose the motion arguing that only one award of statutory damages is permitted for each infringed work in this action. <u>See</u> Defendants' Memorandum in Opposition (Docket Entry No. 210).

Clever Factory argues that the number of statutory awards that may ultimately be awarded should not be limited to one award per each of the six copyrighted works whose infringements are at issue in the action. Clever Factory contends that its proof at trial will show that Defendant Kingsbridge International, Inc. ("Kingsbridge") sold and shipped products that infringed upon each of Clever Factory's six protected works to 17 different retailers, only four of which - Rite Aid Corporation, Dollar General, CVS, and Fred's – have not settled with Clever Factory. Clever Factory argues that any statutory damage award for each of the six protected works should be multiplied by four to account for these four retailers because none of the retailers are jointly and severally liable with the other retailers despite being jointly and severally liable with Kingsbridge.

Clever Factory asserts that, under this scenario, a total of 24 separate statutory damage awards can be awarded in this action.

The Court has reviewed the parties' filings and the applicable law and finds that the argument made by Clever Factory lacks legal merit. Accordingly, the Motion in Limine (Docket Entry No. 208) is DENIED. The total number of statutory awards permissible in this action, should such awards be made by the jury, are one award for each of the protected works for a maximum total of six awards.

17 U.S.C. § 504(c)(1) provides in full:

> The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1). The legal question at issue pertains to the following language of Section 405(c)(1), "The copyright owner may elect . . . an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . ."

The current Copyright Act changed the wording of the 1909 Copyright Act, which provided that statutory damages were available for "each infringement that was separate," to the current wording that "all infringements involved in the action, with respect to any one work." This revision moved the statutory damages inquiry from focusing on the number of infringements to focusing on the number of works that were infringed. See Twin Peaks Prods., Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1381 (2d Cir. 1993). This language has been routinely interpreted as meaning that

statutory damages are to be calculated according to the number of protected works that are infringed not the number of actual infringements of those works that have occurred.   See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 947 (9th Cir. 2011); Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 191-94 (1st Cir. 2004); Twin Peaks, supra;   Mason v. Montgomery Data, Inc., 967 F.2d 135 (5th Cir. 1992); Walt Disney Co. v. Powell, 897 F.2d 565, 569 (D.C. Cir. 1990); Hamlin v. Trans-Dapt of California, Inc., 584 F.Supp. 2d 1050, 1056 (M.D. Tenn. 2008).

Although Section 504(c)(1)'s usage of the language "for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally" can be somewhat difficult to apply if multiple infringers and multiple infringements are involved, the prevailing interpretation of Section 504(c)(1) is that, regardless of the number of infringements involved, statutory damages are to be awarded based upon only the number of protected works that are infringed unless other infringers are only individually liable for a particular infringement.  See Louis Vuitton Malletier, S.A., supra.; Venegas-Hernandez, supra; Agence France Presse v. Morel, 934 F. Supp. 2d 584, 590 (S.D.N.Y.  2013); Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc., 2011 WL 4729755, **3-4 (M.D. Tenn. Oct. 5, 2011); Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 313, 315 (S.D.N.Y. 2011); Bouchat v. Champion Products, Inc., 327 F. Supp. 2d 537, 552 (D. Md. 2003),  aff'd on other grounds sub nom., Bouchat v. Bon-Ton Dep't Stores, Inc., 506 F.3d 315 (4th Cir. 2007).

Clever Factory argues that its position is supported by Columbia Pictures Television Inc.. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186 (9th Cir. 2001), and, further, that the holdings in Agence France Presse v. Morel, Sony/ATV Music Pub. LLC v. D.J. Miller Music

Distributors, Inc., and Hamlin v. Trans-Dapt of California, Inc., are all distinguishable from the instant case and should not be read as rebutting Clever Factory's interpretation of Section 504(c)(1). The Court is not persuaded that Columbia Pictures provides clear and controlling support for Clever Factory's position, and further disagrees that Agence France Presse v. Morel, Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc., and Hamlin v. Trans-Dapt of California, Inc. can be read or distinguished in a manner that supports the position argued by Clever Factory. Furthermore, several courts have directly rejected the argument of Clever Factory that the lack of joint and several liability among several downstream infringers renders an upstream infringer liable for multiple statutory damage awards despite the fact that the infringements all involved the same six works and despite the fact that the upstream infringer is itself jointly and severally liable with each of the downstream infringers. See Arista Records LLC; 784 F.Supp.2d at 320; McClatchey v. Associated Press, 2007 WL 1630261, **3-4 (W.D. Pa. June 4, 2007); Bouchat, 327 F.Supp.2d at 553.

The ultimate outcome sought by Clever Factory, that multiple statutory awards be permitted against the same defendant based upon multiple infringements of the same protected works, is an outcome that is on its face simply inconsistent with the plain language and the prevailing interpretations of Section 504(c)(1).

So ORDERED.


JULIET GRIFFIN
United States Magistrate Judge